1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10    SCOTT E CHRISTENSEN,                         CASE NO. C13-1922 MJP

11                         Plaintiff,              ORDER GRANTING MOTIONS TO
                                                   DISMISS AND DISMISSING CASE
12          v.

13    MARTHA J WALL, et al.,

14                         Defendants.

15

16          This matter is before the Court on two motions to dismiss. The first motion is brought by

17   Defendants Keller-Rohrback LLP, Thompson & Howle LLP, Carol Vaughn, and Diana Zottman

18   ("Attorney Defendants"). (Dkt. No. 9.) The second motion is brought by Defendants S. Merle

19   Christensen and Martha J. Wall, and is joined by Dale H. Christensen ("Moving Family

20   Defendants"). (Dkt. Nos. 14 and 22.) The only non-moving Defendant is the Estate of Orland M.

21   Christensen, who recently appeared in the case. (Dkt. No. 28.) Plaintiff Scott E. Christensen

22   responded to the two motions in one response (Dkt. No. 20), and the moving Parties each filed

23   replies (Dkt. Nos. 21 and 22.) Plaintiff submitted "supplemental opposition" (Dkt. No. 24) which

24   all moving Defendants move to strike. (Dkt. Nos. 26 and 27.) Upon consideration of the

1  pleadings and all relevant documents, the Court GRANTS both motions and DISMISSES this

2  case in its entirety for lack of subject matter jurisdiction.

3  **Background**

4       Plaintiff Scott E. Christensen alleges Defendants have unduly influenced his mother into

5  changing her will and violated orders from his Chapter 12 bankruptcy.  Plaintiff's siblings are

6  Martha Wall and Dale Christensen, and S. Merle Christensen and Orland Christensen are there

7  now deceased parents.  (Dkt. No. 1 at 4.)  Diana Zottman, law firm Keller-Rohrback, Carol

8  Vaughn, and law firm Thompson & Howle represented Martha Wall as personal representative

9  in probate and trustee cases prior to this suit.  (Dkt. No 10-1.)

10      Plaintiff alleges Martha Wall "vilified" him to his family and friends and alienated him

11  from his mother and his brother.  (Dkt. No. 1 at 4.)  He also maintains Martha Wall caused their

12  mother to file a criminal complaint against him.  (Id.)  Plaintiff contends he is the proper

13  beneficiary of his parents' estates but that Defendants unduly influenced his mother to execute a

14  new durable power of attorney and will that named "Martha attorney-in-fact and . . . as personal

15  representative and [cut him] out of her Will shortly before [his] mother's death."  (Id.) Plaintiff

16  alleges Defendants are also "re-characterizing" his mother's "investment monies" and have tried

17  to launder trust funds used to purchase S. Merle's residence.  (Dkt. No. 1 at 4-5.)  Plaintiff

18  alleges he owns "2500 Stonebridge, [the] mortgage on 14555 Mc Lean Road, garage shelving,

19  money accounts at various banks, business books[,] and records."  (Id. at 9.)

20      Plaintiff also maintains he and his mother "entered into a contract agreement for the farm

21  loans, the same two loans discharged in Plaintiff's Chapter 12."  (Dkt. No. 1 at 10.)  He contends

22  he was to "succeed to all capital assets of the farming operations upon termination" because the

23  contract stated, "The property and assets of the business shall be owned by Scott and [his wife]."

24

1  (Id.)  He states the decisions of how to handle the farm sale proceeds were his to make, not the

2  Defendants, under his bankruptcy order.  (Id. at 11.)

3         A.  Judicial Notice of Documents Attached to Motions to Dismiss

4         On a motion to dismiss, "a court may generally consider only allegations contained in the

5  pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."

6  Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007).  A court may take notice of

7  proceedings in state courts if they are directly related to the matters at issue.  U.S. ex rel.

8  Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992).  This

9  Court takes notice of S. Merle Christensen's will,  documents provided from the probate

10  proceedings and trustee proceedings, S. Merle Christensen's statement to Mt. Vernon police, and

11  the warranty deed showing the Stonebridge property belonged to S. Merle Christensen.  (Dkt.

12  Nos. 10-1, 15-1.)

13         B.  Probate and Trustee Proceedings

14         S. Merle Christensen drafted the will that went to probate on July 17, 2012.  (Dkt. No.

15  10-1 at 4.)  In the will Martha Wall was appointed as personal representative.  (Id. at 3.)  The will

16  stated Plaintiff may not become personal representative at any time.  (Id.)  As personal

17  representative, Martha Wall was directed to distribute property of the estate, and the residue of

18  the estate was left to the S. Merle Christensen Declaration of Trust.  (Id.)  The state court found

19  on May 6, 2013, S. Merle was legally competent to execute the will naming Martha as the

20  personal representative.  (Id. at 8.)

21         The state court removed Plaintiff as trustee of the Orland M. Christensen Trust on August

22  23, 2013, because of a conflict of interest.  (Dkt. No. 10-1 at 47.)  In Plaintiff's answer to the

23  petition to remove him as trustee, he argued petitioner's claims were barred by federal

24

bankruptcy law and by bankruptcy court decree.  (Id. at 36.)  He also requested the court issue an order declaring the petitioner, Martha Wall, unduly influenced S. Merle Christensen, "rendering the estate planning documents she executed in the last five years to be null and void." (Id.)  The state court concluded Plaintiff was to be removed as Trustee of the trust because of loans secured by a mortgage he had in favor of the trust.  (Id. at 47.)  The court did not decide the validity or enforceability of the debts, and did not address Plaintiff's claims of undue influence.  (Id.)  The state court also did not address the issues of whether Plaintiff's bankruptcy order or bankruptcy law impacted the proceedings.  (Id.)

**Analysis**

A.  Statements of Attorneys in Prior Judicial Proceedings are Privileged

"Allegedly libelous statements, spoken or written by a party or counsel in the course of a judicial proceeding, are absolutely privileged if they are pertinent or material to the redress or relief sought, whether or not the statements are legally sufficient to obtain that relief." McNeal v. Allen, 95 Wn.2d 265, 267 (1980). To the extent Plaintiff is bringing allegations of defamation against Attorney Defendants for statements made representing their client in the trustee and probate litigation, he is barred from doing so.

B.  This Court Does Not Have Subject Matter Jurisdiction

Subject matter jurisdiction is required for a federal court to decide a case, and lack of subject matter jurisdiction may be raised by a party, or by the court at its own initiative, at any stage of the litigation. Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006). When a federal court determines it lacks subject matter jurisdiction, it must dismiss the case in its entirety. Id. at 514.

Congress authorized federal courts to exercise subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

1    However, to support federal jurisdiction, the federal claim must lie "upon a reasonable

2    foundation." Smith v. Kansas City Title & Trust Co., 255 U.S. 180, 199 (1921). Put another way,

3    jurisdiction under 28 U.S.C. § 1331, or "federal question" jurisdiction, exists in "only those cases

4    in which a well-pleaded complaint establishes either that federal law creates the cause of action

5    or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of

6    federal law." Franchise Tax Bd. V. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28

7    (1983).

8           Subject matter jurisdiction is also be absent in certain cases where a federal plaintiff

9    attempts to challenge a final state court judgment in federal court.  Under the Rooker-Feldman

10   doctrine, federal courts are deprived of subject matter jurisdiction over a "de facto appeal" of a

11   state court judgment in which a federal plaintiff asserts a state court decision was legally wrong.

12   Vasquez v. Rackauckas, 734 F.3d 1025, 1036 (9th Cir. 2013). "If a federal plaintiff asserts as a

13   legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court

14   judgment based on that decision, Rooker-Feldman bars subject matter jurisdiction in federal

15   district court. If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal

16   act or omission by an adverse party, Rooker-Feldman does not bar jurisdiction." Noel v. Hall,

17   341 F.3d 1148, 1164 (9th Cir. 2003).

18          This Court lacks subject matter jurisdiction over Plaintiff's Complaint for at least two

19   reasons. First, Plaintiff fails to state any federal cause of action. While Plaintiff asserts

20   jurisdiction based on his argument that Defendants have violated his bankruptcy order, Plaintiff

21   does not produce the order or allege its contents. Plaintiff does not specify how his bankruptcy

22   order was violated. Although Plaintiff claims this Court has jurisdiction "vis-à-vis Article III §2

23   of the Constitution of the United States" and several federal statutes, Plaintiff does not explain

24

how any of these statutes or the Constitution fit into his claims. (Dkt. No. 1 at 2.) Simply producing a list of federal laws is not sufficient to establish federal question jurisdiction.

Second, Plaintiff's Complaint is a de facto appeal of state court orders, and this Court is deprived of subject matter jurisdiction under the Rooker-Feldman doctrine. Although Plaintiff does not explicitly state he is appealing the state court decisions in the probate and trust cases, his Complaint can be construed in no other way. The Rooker-Feldman doctrine is "confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Plaintiff lost in both the trust and probate proceedings in state court, and he now asks this Court to find Defendants, who are acting in accordance with and carrying out those state court orders, are committing legal wrongs. Under these circumstances, this Court does not have subject matter jurisdiction.

The Court notes subject matter jurisdiction may be established not only by federal question, but also by diversity, pursuant to 28 U.S.C. § 1332. Diversity jurisdiction requires that all of the defendants have citizenship of a different state than the plaintiff. Diaz v. Davis, 549 F.3d 1223, 1234 (9th Cir. 2008). Although Plaintiff does not attempt to assert diversity jurisdiction, the Court notes for the sake of clarity that jurisdiction cannot be based on diversity in this case because Plaintiff and some, if not all, of the Defendants appear to be citizens of Washington. Because subject matter jurisdiction in this case does not exist, the case is DISMISSED in its entirety.

1      C.  Amendment Would be Futile

2           When a motion to dismiss is granted, leave to amend should generally be granted unless

3      the court determines "that the allegation of other facts consistent with the challenged pleading

4      could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806

5      F.2d 1393, 1401 (9th Cir. 1986). The court may deny leave to amend where amendment would

6      be futile. DeSoto v. Yellow Freight Sys., 957 F.2d 655, 658 (9th Cir. 1991). Amendment in this

7      case would be futile, because no set of facts Plaintiff could allege consistent with his pending

8      Complaint would alter the fact he is ultimately appealing the legal decision of state courts in

9      probate and trust matters. For this reason, Plaintiff's Complaint is dismissed with prejudice.

10                                   **Conclusion**

11          Because this Court lacks subject matter jurisdiction over Plaintiff's Complaint, this case

12     is DISMISSED. Because the Court finds amendment would be futile, Plaintiff's Complaint is

13     dismissed with prejudice.

14          The clerk is ordered to provide copies of this order to all counsel.

15          Dated this 21st day of March, 2014.

16

17

18                                                        Marsha J. Pechman
19                                                        Chief United States District Judge

20

21

22

23

24

ORDER GRANTING MOTIONS TO DISMISS
AND DISMISSING CASE- 7